IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FARM CREDIT LEASING SERVICES**
**CORPORATION**                                                                                     **PLAINTIFF**

**V.**                                                                          **CIVIL ACTION NO. 2:13cv5-KS-MTP**

**5 K FARMS, INC., DAVID KITTRELL and**
**JANET KITTRELL**                                                                      **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the Plaintiff Farm Credit Leasing Services Corporation's Motion for Summary Judgment [14].  For the reasons stated below, the Court finds that the motion should be granted in part and denied in part.

<u>**I.  BACKGROUND**</u>

This is a breach of contract action in which the Plaintiff Farm Credit Leasing Services Corporation ("Farm Credit") seeks to recover payments from the Defendants purportedly owed under a lease agreement and related instruments.  The Defendants David Kittrell and Janet Kittrell are adult resident citizens of the State of Mississippi.  Janet Kittrell is also the corporate president and registered agent of the Defendant 5 K Farms, Inc. ("5K Farms"), a Mississippi corporation.

The following matters are established by the pleadings or the undisputed facts presented by Farm Credit in support of summary judgment.  On March 14, 2008, Farm Credit, as lessor, entered into a lease agreement with 5K Farms, as lessee, for the lease of a 2008 Blueberry Processing Line (the "Leased Equipment").  (*See* Lease [14-1].)  The Lease required an initial rental payment in May of 2008 and five (5) subsequent payments due each November.  Contemporaneously with the execution of

the Lease, Farm Credit and 5K Farms entered into an Interim Funding Agreement ("IFA") for the procurement of the Leased Equipment.  (*See* IFA [14-2 at ECF pp. 1-2].)  Also on March 14, David Kittrell and Janet Kittrell executed a Guaranty in favor of Farm Credit, under which they unconditionally (and jointly and severally) guaranteed payment and full performance by 5K Farms under the Lease and IFA.  (*See* Guaranty [14-2 at ECF pp. 4-5].)

On December 30, 2011, Farm Credit issued Notices of Default to David Kittrell and Janet Kittrell, in their capacities as Guarantors, and to 5K Farms.  (*See* Notices of Default [14-4].)  Each Notice of Default provided that 5K Farms failed to make a rental payment in the amount of $22,948.25, and that "all available remedies" would be pursued if payment was not made within ten (10) days.  On February 28, 2012, Farm Credit issued Notices of Acceleration to David Kittrell and Janet Kittrell, in their capacities as Guarantors, and to 5K Farms.  (*See* Notices of Acceleration [14-5].)  Each Notice of Acceleration indicated that the Lease was placed in default on December 30, 2011; that the default had not been cured; and, that Farm Credit declared the "entire amount of rental and other charges due, and to become due, for the entire Lease Term . . . immediately due and payable" pursuant to paragraph 19(a) of the Lease.  This amount totaled $82,547.23 per the Notices of Acceleration.

On January 16, 2013, Farm Credit filed its Complaint [1] against the Defendants in this Court.  Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332.  The Complaint alleges that the Defendants are in default under the Lease and IFA in the total amount of $84,682.93.  (*See* Compl. [1] at ¶ 13.)  The Complaint further posits that David Kittrell and Janet Kittrell are liable

for damages as guarantors of 5K Farms' payment and performance obligations. (*See* Compl. [1] at ¶ 14.) Farm Credit seeks a judgment awarding damages, pre-judgment and post-judgment interest, and reasonable attorney's fees.

On December 18, 2013, Farm Credit filed its Motion for Summary Judgment [14]. Farm Credit requests that the Court issue the following summary judgment rulings in its favor:

(1) 5K Farms is liable to Farm Credit in the amount of $87,797.48 due to its breach of the Lease and IFA.

(2) 5K Farms is liable to Farm Credit for reasonable attorney's fees incurred by Farm Credit in seeking payment and prosecuting its claims.

(3) David Kittrell and Janet Kittrell are personally liable for damages and attorney's fees due to their execution of the Guaranty in favor of Farm Credit.

The Defendants have not responded to the motion and the time for their response has expired.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the movant has "the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the movant meets this burden, the nonmovant must go beyond the pleadings

and point out specific facts showing the existence of a genuine issue for trial. *Id.* The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (citation omitted). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

As noted above, the Defendants have failed to respond to Farm Credit's request for summary judgment. However, the Court cannot grant summary judgment by default. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."); *see also* L.U.Civ.R. 7(b)(3)(E). In the event of a party's failure to respond to a motion for summary judgment, the Court may accept as undisputed the facts listed in support of the motion and grant summary judgment if the movant makes a prima facie showing of his right to judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**B.    Breach of Contract**

The Court determines that Farm Credit has established a prima facie case of 5K

-4-

Farms' breach of contract. A plaintiff asserting a breach of contract claim has the burden of proving "by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it . . . ." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (¶ 10) (Miss. 2012) (citation omitted).[1] The summary judgment record establishes that the Lease and IFA constitute valid and binding contracts between Farm Credit and 5K Farms. The record also establishes that 5K Farms failed to meet all of its payment obligations under those agreements. Barrett Kranz, Farm Credit's Supervisor of Special Assets, has submitted an affidavit stating that "5K Farms made only partial payments towards the total amounts owed." (Kranz Aff. [14-3] at ¶ 6.) 5K Farms has failed to present any argument or evidence rebutting this assertion. Therefore, 5K Farms is in breach of its contractual obligation to make rental payments to Farm Credit.

### C. Guarantor Liability

The Court also determines that David Kittrell and Janet Kittrell are personally liable for any damages awarded to Farm Credit as a result of 5K Farms' breach of contract. Personal guarantees providing that the guarantors are jointly and severally liable for payment obligations are fully enforceable under Mississippi law. *See Woods-Tucker Leasing Corp. of Ga. v. Kellum*, 641 F.2d 210, 216 n.7 (5th Cir. Unit A Mar. 1981) ("It is clear that Kellum and Barbour are jointly and severally liable as guarantors of Durfold's debt. . . . [U]nder Mississippi jurisprudence, guarantors who jointly execute

---

[1] The Court applies the substantive law of Mississippi since federal jurisdiction is founded on diversity of citizenship and no party argues for the application of any other state's law. *See Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238, 241 (5th Cir. 1990).

an agreement of guaranty are equally liable on the agreement.") (citation omitted); *Hardy v. First Nat'l Bank of Vicksburg*, 505 So. 2d 1021, 1022 (Miss. 1987) (affirming the trial court's holding that guarantors on a loan were jointly and severally liable for certain debt following default on the underlying agreement). The Guaranty executed by David Kittrell and Janet Kittrell provides in pertinent part:

> The Guarantors, jointly and severally, unconditionally guarantee to the Lessor, its successors and assigns, the prompt and full payment when due of all sums due from Lessee to Lessor under the Agreements and the prompt full performance by Lessee of each and every provision and warranty of Lessee set forth in the Agreements (each such obligation hereinafter an "Obligation" and collectively, "Obligations").
>
> . . . .
>
> This Guaranty is absolute, unconditional, continuing, and shall remain in effect until all of Lessee's obligations under the Agreements and all of Guarantors' obligations hereunder shall have been paid, performed and discharged.
>
> . . . .
>
> Guarantors agree to pay Lessor, on demand, all costs and expenses including attorney's fees incurred by Lessor in connection with the enforcement of this Guaranty and any matters related thereto.

(Guaranty [14-2 at ECF pp. 4-5].) David Kittrell and Janet Kittrell, jointly and severally, will be held to their unconditional agreement to answer for the payment obligations of 5K Farms.

### D. Damages for Breach of Contract

Farm Credit has failed to establish as a matter of law the amount of damages it is owed for 5K Farms' breach of contract. "Monetary damages are a remedy for, not an element of, breach of contract." *Banks*, 90 So. 3d at 1225 (¶ 11). A party seeking to obtain monetary damages for a breach of contract must place "into evidence, with 'as

much accuracy as' possible, proof of the damages being sought." *Id.* at 1225 (¶ 12) (quoting *Thomas v. Global Boat Builders & Repairmen Inc.*, 482 So. 2d 1112, 1116 (Miss. 1986)); *see also A & F Props., LLC v. Lake Caroline, Inc.*, 775 So. 2d 1276, 1283 (¶ 25) (Miss. Ct. App. 2000) ("[I]t is incumbent upon the party seeking to prove damages to offer into evidence the best evidence available [on] each and every item of damage.") (citation and internal quotation marks omitted).

Several circumstances leave the amount of damages uncertain for purposes of summary judgment in this case. For instance, the February 28, 2012 Notices of Acceleration [14-5] list the total amount owed by Defendants as **$82,547.23**, while the January 16, 2013 Complaint [1] asserts that the Defendants are in default in the total amount of **$84,682.93**, and the December 18, 2013 Motion for Summary Judgment [14] posits that the amounts owed total **$87,797.48**. It is not evident to the Court why the total amount owed has increased since February 28, 2012, when the Notices of Acceleration [14-5] declared the "entire amount of rental and other charges due, and to become due, for the entire Lease Term . . . immediately due and payable." In addition, the $87,797.48 sum presently claimed by Farm Credit conflicts with the calculation of the amount due derived from 5K Farms' payment history. Barrett Kranz's affidavit states that 5K Farms owed a total of $178,293.00, and that a schedule of 5K Farms' payment history reflects that "5K Farms made only partial payments towards the total amounts owed." (Kranz Aff. [14-3] at ¶ 6.) Subtracting $107,943.41 (all of the payments made by 5K Farms to Farm Credit per the payment history schedule) from $178,293.00, results in a total amount owed of **$70,349.59**, not **$87,797.48**. There is

also a discrepancy between Barrett Kranz's statement that "rental payments of **$26,479.28** were due each November through November 2012",[2] and Farm Credit's assertion in support of summary judgment that "five (5) additional payments of **$26,804.96**, plus fees and taxes, were due each November." (Pl.'s Mem. in Supp. of Mot. for SJ [15] at p. 2) (emphasis added). Due to the absence of adequate evidence presented to the Court, there is a genuine issue for trial as to the amount of monetary damages owed. *Cf. Stearns Bank Nat'l v. Person*, No. 4:06cv209, 2008 WL 3823773, at *3 (N.D. Miss. Aug. 13, 2008) (granting summary judgment as to guarantor liability, but not damages).

### E.     Attorney's Fees

Attorney's fees are available in a breach of contract case where the underlying agreement contains a provision authorizing their award. *See, e.g.*, *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 452 (¶ 29) (Miss. 2012); *Harrison v. McMillan*, 828 So. 2d 756, 767 (¶ 37) (Miss. 2002); *A & F Props., LLC*, 775 So. 2d at 1282 (¶ 21). Several factors are to be considered by the trial court in determining an award of reasonable attorney's fees, including, but not limited to, the time and labor required, the nature of the case, and the customary charges for similar legal services in the community. *See Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 520-21 (¶¶ 78-80) (Miss. 2007) (citations omitted). All of the legal instruments at issue in this case authorize an award of attorney's fees. (*See* Lease [14-1] at ¶ 28; IFA [14-2 at ECF p. 2]; Guaranty [14-2 at ECF p. 5].) However,

---

[2] (Kranz Aff. [14-3] at ¶ 3) (emphasis added).

Farm Credit has submitted no proof of the attorney's fees actually incurred with respect to this lawsuit. Therefore, the amount of attorney's fees recoverable by Farm Credit will also be reserved for trial.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [14] is granted in part and denied in part. The Defendant 5 K Farms, Inc. is liable to the Plaintiff Farm Credit Leasing Services Corporation for breach of contract. In addition, the Defendants David Kittrell and Janet Kittrell are jointly and severally liable for any damages and attorney's fees awarded to Farm Credit as a result of 5K Farms' breach of contract. The specific amount of damages recoverable by Farm Credit, as well as the award of attorney's fees, will be determined at trial.

SO ORDERED AND ADJUDGED this the 10th day of February, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE